# In the United States Court of Federal Claims

No. 05-410C
(Filed: November 1, 2005)

*******************************************
\*
**MARIO R. LOPEZ-VELAZQUEZ**, \*
\*           Motion to remand to AFBCMR
Plaintiff, \*           pursuant to RCFC 56.2 and
\*           28 U.S.C. § 1491(a)(2).
v. \*
\*
**THE UNITED STATES**, \*
\*
Defendant. \*
\*
*******************************************

*Gary Meyers,* Weare, NH, counsel of record for Plaintiff.

*James D. Colt*, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., counsel of record for Defendant, with whom were *Peter D. Keisler*, Assistant Attorney General, *David M. Cohen*, Director, and *Todd M. Hughes*, Assistant Director.

---

**OPINION AND ORDER**

---

**DAMICH,** Chief Judge.

**I. Introduction**

Before the court is Defendant's Motion to Remand This Matter for Additional Review by the Air Force Board for Correction of Military Records ("AFBCMR") pursuant to Rule 56.2 of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff, Mario R. Lopez-Velazquez, is a former Air Force Technical Sergeant who was separated from the United States Air Force ("Air Force") "administratively in lieu of court-martial" for alleged violations of the Uniform Code of Military Justice. Plaintiff asserts that his decision to seek separation was based upon the advice of his former counsel who, Plaintiff alleges, did not inform him of the consequences of "separation in lieu of court-martial." As a result, Plaintiff asserts a claim of ineffective assistance of counsel and seeks reinstatement in the Air Force, active duty back pay, and expungement of his record of separation. In its motion, Defendant requests the court to remand this matter to the

AFBCMR with instructions to review the Air Force records of its investigation of Plaintiff's claim of ineffective assistance of counsel, which the AFBCMR did not do when this case was before it. In response, Plaintiff supports remand, but requests a broader scope of review on remand, namely, that the matter be remanded with instructions that the AFBCMR conduct an evidentiary hearing on his ineffective assistance of counsel claim. For the reasons set forth below, Defendant's motion is hereby GRANTED, albeit in slightly modified form.

**II. Procedural History**

Plaintiff is a former Air Force Technical Sergeant who served in active duty for more than 18 years. Compl. ¶ 6. On November 27, 2000, the Air Force served Plaintiff with charges of multiple violations of the Uniform Code of Military Justice for allegations of sexual assault. *Id.* ¶ 2. The Air Force determined that these charges would be heard through a special court-martial. *Id.* ¶ 7. Captain Steven T. Brand of the Area Defense Counsel at Grand Forks Air Force Base represented Plaintiff as legal counsel for these charges. *Id.* ¶ 8. Upon Captain Brand's advice, Plaintiff submitted a request for "administrative separation in lieu of court-martial" on December 7, 2000. *Id.* ¶ 9. Plaintiff's command approved his request, and on January 5, 2001, Plaintiff's separation from the Air Force took effect. *Id.* ¶ 10. As a result, Plaintiff separated from the Air Force with an "other-than honorable discharge" and a re-enlistment code that bars his re-enlistment. *Id.*

Although Plaintiff's allegations are somewhat vague, he seems to allege that he requested "separation in lieu of court-martial" upon his counsel's advice, but that at the time he made this request, he was unaware of the negative consequences that the separation would have on his Air Force status. *See id.* ¶ 9. Plaintiff asserts that after becoming aware of the negative consequences, on February 15, 2001, he, through civilian counsel, advised his former Air Force command of "Captain Brand's ineffective assistance," and requested a recommendation that he be reinstated so that he could be tried by a special court-martial. *Id.* ¶ 11. On March 9, 2001, the Air Force denied Plaintiff's request finding that the evidence Plaintiff offered was insufficient to prove his claim. *Id.* ¶ 12; Def's. Mot. at 2. Prior to denying the request, the Air Force had conducted an investigation. It is the records of this investigation that the Defendant requests the AFBCMR to consider on remand.

Plaintiff then filed an application with the Air Force Discharge Review Board ("DRB") requesting that it upgrade his discharge status and change his reason for separation from "in lieu of court-martial" to "Secretarial Authority." *Id.* ¶ 13. Plaintiff alleges that after conducting a hearing on November 22, 2002, the DRB determined that Plaintiff demonstrated that an "error and injustice" had occurred. *Id.* ¶ 14. As a result of this finding, the DRB granted Plaintiff the relief requested and upgraded Plaintiff's discharge to "Honorable Discharge" and changed his reason for separation to "Secretarial Authority." *Id.*

Following the DRB's determination, Plaintiff filed a DD149 Application with the AFBCMR seeking: reinstatement; back pay; allowances; credit for time in grade for pay, promotion and retirement purposes; and expungement of his record. *Id.* ¶ 15. According to Plaintiff, the Air Force opposed his request, and filed a conclusory advisory opinion that stated, "Captain Brand had

not engaged in ineffective assistance of counsel because [Air Force personnel] had talked with him and he said he did not." *Id.* ¶ 16. In response to the Air Force's opposition, Plaintiff requested that the AFBCMR conduct an evidentiary hearing, wherein it could hear the testimony of Plaintiff and his former counsel before reaching a determination on his claim. *Id.* ¶ 17. The AFBCMR denied Plaintiff's request for relief without holding a hearing. *Id.* ¶ 19. In his Complaint, Plaintiff suggests that the AFBCMR relied heavily upon the conclusory Air Force opinion in denying him relief.

On March 29, 2005, Plaintiff filed his complaint with this court alleging that the AFBCMR's determination was "contrary to law, arbitrary and capricious and unsupported by substantial evidence." *Id.* ¶ 21. Implicit within Plaintiff's allegations is the belief that had the AFBCMR held such an evidentiary hearing, it would have determined that his former counsel did engage in ineffective assistance. *See id.* Therefore, Plaintiff requests relief, including reinstatement, compensation, and expungement of his record. *Id.* at 4-5 (stating the relief requested).

Notably, it was the Defendant, not the Plaintiff, who raised the issue of remand. On August 29, 2005, without filing an answer, Defendant filed a Motion to Remand asserting that the court should remand to the AFBCMR with instructions to review the Air Force records of its investigation of Plaintiff's claim of ineffective assistance of counsel. Def's. Mot. at 2. In support thereof, Defendant asserts that before Plaintiff filed his application for review with the AFBCMR he requested relief from his former Air Force command, and in response, the Air Force conducted an investigation into Plaintiff's claim of ineffective assistance of counsel. *Id.* As the AFBCMR never reviewed the Air Force records of its investigation, the Defendant asserts that this court should give the AFBCMR another opportunity to do so prior to determining whether the AFBCMR's decision is arbitrary and capricious or contrary to law. *See id.* In response, Plaintiff asserts that he "supports the idea of remand," but "does not support the narrow scope . . . proposed by the Defendant." Pl's. Resp. at 1. Plaintiff argues that the case should be remanded to the AFBCMR with instructions to conduct an evidentiary hearing regarding his claim of ineffective assistance of counsel. *Id.* Alternatively, Plaintiff proffers that this court could hold an evidentiary hearing. *Id.* at 2.

**III. Discussion**

The Tucker Act authorizes the court to remand this case to the AFBCMR. Specifically, it provides, "[i]n any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official *with such direction as it may deem proper and just.*" 28 U.S.C. § 1491(a)(2) (emphasis added). In addition, Rule 56.2 of the RCFC authorizes the court to issue remand orders "with such direction as may be deemed proper and just." RCFC 56.2(a).

Although the parties argue for different remand instructions, both agree that the AFBCMR should have another opportunity to reconsider the evidence in the case. Although the AFBCMR may have failed to consider other pertinent evidence, it seems clear that it did not consider the Air Force records of its investigation; therefore, the court finds remand appropriate.

3

In constructing appropriate remand instructions, the court wishes to ensure that its instructions will provide the AFBCMR with sufficient guidance so that it may render a determination that is capable of sustaining appellate review. In this regard, any decision rendered by the AFBCMR must be supported by "substantial evidence," and cannot be "arbitrary and capricious" or "contrary to law." *Wronke v. Marsh,* 787 F.2d 1569, 1576 (Fed. Cir. 1986). At the same time, the court is reluctant to specify the precise procedures that must be undertaken on remand, as such a decision is more appropriately within the province of the AFBCMR. Nonetheless, the court believes it is prudent to specify what the court would find significant in reviewing the AFBCMR's decision post-remand.

In general, the case is remanded to the AFBCMR with instructions to review the Air Force records of its investigation of Plaintiff's claim of ineffective assistance of counsel. Although holding an evidentiary hearing may be advisable, the court, does not, at this time, believe it is warranted for it to order the AFBCMR to hold such a hearing. However, if the AFBCMR does not conduct an evidentiary hearing, it shall provide an explanation as to why it did not do so. In addition, the AFBCMR is directed to consider the DRB's alleged findings that "an error and injustice" had occurred with regard to Plaintiff or to provide an explanation as to why it did not consider these findings.

## IV. Conclusion

Based on the foregoing, Defendant's Motion to Remand is GRANTED with the modifications indicated. Pursuant to RCFC 56.2(a), this case shall be remanded to the AFBCMR for a period of six months for further proceedings consistent with this Opinion. Accordingly, proceedings before the court are stayed until **May 1, 2006.** The parties shall file joint status reports indicating the status of proceedings before the AFBCMR on or before **December 20, 2005**, **February 20, 2006**, and **April 28, 2006.**

                                                                                                       s/Edward J. Damich  
                                                                                                       EDWARD J. DAMICH  
                                                                                                        Chief Judge